Randy ESSENBURG, John Mallios, Leona Stone, H. Averill Sweitzer and Walter Kowalski, Petitioners,

v.

DALLAS COUNTY and Dallas County District Clerk, Respondents.

No. 98–0055.

Supreme Court of Texas.

Sept. 24, 1998.

Timothy E. Kelley, Dallas, for Petitioners.

John Clark Long, IV, John C. Vance, Dallas, for Respondents.

PER CURIAM.

The issue in this case is whether section 81.041 of the Texas Local Government Code is jurisdictional or, alternatively, whether it is a notice requirement. If it is jurisdictional, a defendant can raise lack of compliance for the first time on appeal. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–56 (Tex.1993). If it is merely a notice requirement, lack of compliance cannot be raised for the first time on appeal. The court of appeals held that the provision is jurisdictional and dismissed this case for lack of subject matter jurisdiction. We reverse and remand to the court of appeals for consideration of the merits.

Section 81.041(a) provides that "a person may not sue on a claim against a county unless the person has presented the claim to the commissioners' court and the commissioners' court has neglected or refused to pay all or part of the claim." TEX. LOC. GOV'T CODE ANN. § 81.041(a). In this case, Randy Essenburg and several other family law attorneys sued Dallas County for wrongfully collecting certain filing fees. The trial court awarded the unlawfully collected filing fees plus attorneys' fees to the plaintiffs. Dallas County appealed.

On appeal, Dallas County argued for the first time that the plaintiffs' claims are barred for lack of presentment in compliance with section 81.041(a). While this case was pending on appeal, the court of appeals issued *Bowles v. Wade*, 913 S.W.2d 644 (Tex. App.—Dallas 1995, writ denied), holding that section 81.041 is jurisdictional. The court of appeals then dismissed this case for lack of subject matter jurisdiction, following the precedent it had set in *Bowles*.

*Bowles* is the first case to declare section 81.041 or its predecessor statutes—which date back well over one hundred years—to be jurisdictional. Before *Bowles*, no Texas court had even implied that section 81.041 is a jurisdictional statute. To the contrary, most courts, including this one, have always treated section 81.041 as nothing more than a

notice statute. *See, e.g., Gregg County v. Farrar,* 933 S.W.2d 769, 773 (Tex.App.—Austin 1996, writ denied) (holding that because Whistleblower Act requires plaintiffs to exhaust all remedies before suing, governmental entity is notified of claim and section 81.041 purpose is met). Indeed, even this Court has referred to section 81.041 as a statute requiring notice. *See, e.g., Hines v. Hash,* 843 S.W.2d 464, 468 n. 4 (Tex.1992) (noting, however, that the consequences for noncompliance with the various notice requirements vary).

In *Bowles,* the Dallas Court of Appeals focused on the statutory language and its similarity to other statutes that require parties to exhaust administrative remedies before seeking judicial recourse, holding that "section 81.041(a) is analogous to the foregoing statutory standing requirements." *Bowles,* 913 S.W.2d at 648 (citing *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 488 (Tex.1991) (Commission on Human Rights Act); *Ankrom v. Dallas Cowboys Football Club, Ltd.,* 900 S.W.2d 75, 77 (Tex. App.—Dallas 1995, writ denied) (Texas Workers' Compensation Commission); and *Simmons v. Texas State Bd. of Dental Examiners,* 932 S.W.2d 541 (Tex.App.—Tyler 1995) *rev'd,* 925 S.W.2d 652 (Tex.1996) (Dental Practice Act and Administrative Procedure Act)). The presentment requirement, however, is not analogous to the exhaustion of administrative remedies requirement.

 It is true that a plaintiff's failure to exhaust administrative remedies may deprive courts of subject matter jurisdiction in the dispute. This is so because the Legislature in conferring jurisdiction upon an agency expresses its will to have the agency resolve disputed issues of fact and policy. *See, e.g., Mission Indep. Sch. Dist. v. Diserens,* 144 Tex. 107, 188 S.W.2d 568, 570 (1945). In contrast, the presentment requirement of section 81.04 is intended to advise the commissioners' court of the claim and afford it an opportunity to investigate and adjust it without litigation. *Southern Sur. Co. v. McGuire,* 275 S.W. 845, 847 (Tex.Civ.App.—El Paso 1925, writ ref'd). In other words, the presentment requirement is concerned with promoting settlement, whereas the exhaustion requirement seeks to assure that the appropriate body adjudicates the dispute—the hallmark of a jurisdictional statute. *See Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 644 (1933).

Accordingly, without hearing oral argument, see TEX.R.APP. P. 59.1, we grant the petition for review and hold that section 81.041 is not jurisdictional and thus may not be raised for the first time on appeal. We remand to the court of appeals for a determination of the merits of the case.

BAKER and HANKINSON, JJ., did not participate in the decision.