Walter STANTON, III, Appellant,

v.

UNIVERSITY OF TEXAS HEALTH
SCIENCES CENTER AT
DALLAS, Appellee.

No. 05–98–00205–CV

Court of Appeals of Texas,
Dallas.

Nov. 17, 1998.

David E. Keltner, Jose, Henry, Brantley & Keltner, L.L.P., Fort Worth, for Appellant.

Christopher Chay Leunes, Assistant Attorney General, Austin, for Appellee.

Before Justices LAGARDE, OVARD, and ROACH

## OPINION

LAGARDE, Justice.

Walter Stanton, III, appeals the trial court's dismissal of his suit after it sustained appellee's plea to the jurisdiction. In a single issue, he argues that because the University of Texas Health Sciences Center at Dallas (Center) had actual notice of the injury he sustained, the notice requirement of the Texas Tort Claims Act was satisfied and the trial court should have exercised jurisdiction. We conclude that whether the Center had actual notice is immaterial to the trial court's exercise of jurisdiction. We reverse the trial court's order of dismissal and remand this cause to that court for further proceedings.

At the age of 22, while still unmarried, Stanton was diagnosed with testicular cancer. Apprehensive that the required surgery and chemotherapy might make him sterile, he went to the Center to cryopreserve some sperm specimens on March 11, 1987.

The Center disposed of Stanton's sperm specimens on May 11, 1995. The Center has no record of having attempted to notify Stanton first, even though it had his parents' permanent address in its records.

In October 1994, Stanton married his wife Christi. In July 1996, he contacted the Center to check the status of his cryopreserved sperm and learned for the first time that it had been disposed of over a year earlier. He sued for negligence under the Texas Tort Claims Act. His petition alleged: "Defendant had actual notice of this claim prior to the filing of this petition. Accordingly, the Notice Provision set forth in § 101.101(a) of the Texas Civil Practice and Remedies Code is

inapplicable." There is no dispute that the Center is a governmental unit to which the Texas Tort Claims Act applies.

■ The Center filed a plea to the jurisdiction, predicated upon lack of timely notice of Stanton's claim. The trial court sustained the plea and then, because the Center was the only defendant, dismissed the suit in its entirety.[1]

■ Section 101.101(a) provides:

A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 1997). There is no dispute that Stanton himself did not give the Center any sort of notice within the six-month period beginning on May 11, 1995. Indeed, he could not have done so because he was unaware during all that time that the sperm specimens had been destroyed.

Instead, Stanton argues that a statutory exception to the notice requirement applies. He relies upon subsection (c) of section 101.101: "The notice requirements provided ... by Subsection[ ] (a) ... do

not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(c) (Vernon 1997). Stanton's argument in his brief is that, because the Center unilaterally destroyed the sperm specimens, it had to have actually known that it caused injury and damage to Stanton on May 11, 1995.

■ We need not reach Stanton's argument, however. The requirements imposed by section 101.101 do not operate to deprive the trial court of jurisdiction over plaintiff's claim. Lack of presentment of the claim is not a jurisdictional requirement. *See Essenburg v. Dallas County*, 988 S.W.2d 188, *passim* (1998) (per curiam). The presentment requirement is intended to advise the governmental unit of the claim and afford it an opportunity to investigate and adjust it without litigation. In other words, the presentment requirement is concerned with promoting settlement; in contrast, the requirement of exhausting all administrative remedies before suit seeks to assure that the appropriate body adjudicates the dispute—the hallmark of a jurisdictional statute. *Essenburg*, 988 S.W.2d at 189. This case involves no exhaustion requirement. The trial court therefore erred in sustaining the Center's plea to the jurisdiction.[2]

---

1. In an *ex parte* letter to this Court's clerk dated May 8, 1998, Stanton told the clerk that this appeal should be accelerated because it is an interlocutory appeal. It is not, and our clerk should not have been so instructed. Although an order granting a plea to the jurisdiction is appealable as an interlocutory order *if* the trial court has not yet proceeded to final disposition, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon Supp.1998), the trial court's order in this case resulted in dismissal. Therefore, the order is considered final. *See Speer v. Stover*, 711 S.W.2d 730, 734 (Tex. App.—San Antonio 1986, no writ). An interlocutory order becomes final when a subsequent order disposes of all remaining parties and issues in the case. *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 78 (Tex.App.— San Antonio 1996, writ denied). The purpose of accelerating an appeal from a genuinely

interlocutory order is to avoid any more delay than is necessary in arriving at a final disposition of the litigation; while the accelerated appeal proceeds, the trial court is stayed from reaching the merits in a trial. *See* TEX. CIV. PRAC. & REM.CODE ANN.

§ 51.014(b) (Vernon Supp.1998). In this case, the trial court has reached a final disposition, and there is no policy reason for accelerating this appeal anymore than for accelerating an appeal from any other kind of dismissal order.

2. In fairness to the trial court, we note that its order of dismissal was signed on January 21, 1998, and the Texas Supreme Court's opinion in *Essenburg* issued on September 24, 1998, some eight months later. *Essenburg* overruled a holding in an opinion issued by this

We reverse the trial court's order of dismissal and remand this cause to that court for further proceedings.

Court that a similar notice requirement imposed by another statute was jurisdictional. *See Bowles v. Wade,* 913 S.W.2d 644, 647–48 (Tex.App.—Dallas 1995, writ denied). The trial court may simply have been relying on authority from this court.