No. 04-99-00780-CV



Juan A. VASQUEZ,


Appellant



v.



The CITY OF SAN ANTONIO, San Antonio Police Department as Employer of Carlos Garza

(#0681), as a San Antonio Police Officer, and R. Naylor (#0922), as a San Antonio Police Officer,

Appellees



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CI-07434


Honorable David Berchelmann, Jr., Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: March 28, 2001


AFFIRMED


 Juan A. Vasquez sued the City of San Antonio and two individual San Antonio police officers,
alleging he sustained injuries during the course of his arrest for family violence. The city filed a
motion for summary judgment, which was granted, and Vasquez has appealed to this court. We
affirm the judgment of the trial court.

Factual and Procedural Background


 Juan A. Vasquez was charged with and convicted of family violence and resisting arrest. San
Antonio Police Officers, Carlos Garza and R. Naylor, responded to a 911 call and upon arrival at the
Vasquez residence, found Mrs. Vasquez crying in the kitchen with a golf ball size bump on her
forehead. The officers found Vasquez in the bedroom and informed him he was under arrest for
assaulting his wife. Vasquez resisted arrest and in the process of being subdued, sustained injuries
to his face and eye. EMS was called to attend to Vasquez's injuries and following treatment he was
transported to the city jail.

 Vazquez filed a lawsuit alleging the City of San Antonio, through its police officer, Garza, (1)
was negligent in the use of tangible property. The alleged tangible property was the boot of Officer
Garza, which Vasquez claims caused his injuries when Garza kicked him. The City of San Antonio
filed a motion for summary judgment that was granted by the trial court. Vasquez now appeals the
summary judgment granted in favor of the City of San Antonio, and the denial of his motion for
summary judgment. 

 Summary Judgment Standard of Review

 In a motion for summary judgment, the movant has the burden of showing there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law. See Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548 (Tex. 1985). When a defendant moves for summary
judgment on an affirmative defense, like sovereign immunity, the defendant must conclusively prove
each element of the defense as a matter of law. See Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984); City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Evidence
favorable to the nonmovant is taken as true, and every reasonable inference in favor of the nonmovant
will be resolved in its favor. Id. at 548-49. When a trial court does not specify the grounds relied
upon in granting summary judgment, we must affirm if any of the grounds asserted in support of the
motion are meritorious. See id.; State Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 380
(Tex. 1993).

Notice


 The City of San Antonio asserted sovereign immunity in its motion for summary judgment.
There is no question the city is a governmental unit. Therefore, it is entitled to receive notice that a
claim has been filed against it no later than six months following the day on which the incident
occurred. The notice must specify the injury claimed, the time and place of the injury, and the
incident itself. Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon 1997). The notice
requirement does not apply if actual notice has been given to the governmental unit that some injury
has occurred. Id. The governmental unit has been given actual notice when it has knowledge of the
injury, its alleged fault in causing or contributing to the injury, and the identity of the injured party.
Putthoff v. Ancrum, 934 S.W.2d 164, 173 (Tex. App.-Fort Worth 1996, writ denied). Mere notice
that there has been an incident is not enough to give actual notice. Cathey v. Booth, 900 S.W.2d 339,
340 (Tex. 1995); Putthoff at 173. 

 In Cathey, a medical malpractice case, the court determined actual notice was not given, even
though the hospital had information that the surgical procedure in question was performed later than
called for in the records, because no culpability could be determined from the mere occurrence of the
injury. Cathey, 900 S.W.2d at 342. In the instant case, there is a known injury as reflected in the
police officers' reports and EMS reports, and the identity of the injured party is known to be
Vasquez; however, culpability can not be determined under these facts. Vasquez argues that the
officers were at fault and the city had knowledge of this because he told them of his intention to file
a lawsuit on the night he sustained the injuries. However, Vasquez told the officers conflicting stories
about why he would file his suit. First he told them it was because they had beat him after he was
handcuffed, then he said he knew they did not do that, he was just mad because he was arrested and
going to jail for hitting his wife. This does not provide something from which to determine
culpability. 

 Vasquez asserts that notice is not a jurisdictional requirement and even if notice has not been
given, the claim is not barred. In support of this argument Vasquez cites Essenburg v. Dallas, 988
S.W.2d 188 (Tex. 1998). Essenburg deals with section 81.041 of the Texas Local Government
Code, which does not directly mention notice but is determined by the court to be a notice statute and
is therefore not a jurisdictional requirement. Essenburg at 189. Here, in contrast, we are dealing
with notice under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.101
(Vernon 1997). The failure to provide notice here rules out any waiver of governmental immunity.
See Putthoff at 174 (holding that employees are also immunized from any further liability when a
governmental unit maintains its immunity through the plaintiff's failure to provide notice). The City
of San Antonio was not provided either written or actual notice of Vasquez's claim under section
101.101 and the claim is consequently barred as to both the city and Officer Garza, individually.

 Liability for Injuries to Convicted Persons


 A claimant who attempts to recover damages for an injury that occurred as a result of a
commission of a felony or misdemeanor, cannot recover if that injury would not have occurred were
it not for the commission of the felony or misdemeanor. See Tex. Civ. Prac. & Rem. Code Ann.
§ 86.002 (Vernon Supp. 2000). The claimant is not barred if his injuries occurred as a result of an
act completely separate from any act resulting in the prevention of the felony or misdemeanor or any
act apprehending the claimant either during or immediately after the commission of the felony or
misdemeanor. See id. The claimant is also not barred from recovery if the injury did not originate
from a premises defect or other circumstance resulting from the commission of the felony or
misdemeanor. See id. 

 Vasquez argues that both of his offenses were complete before he was kicked. Vasquez
further asserts that the kicking incident was an act occurring separately and independently from the
assault and resisting arrest. Therefore he believes he is not barred from recovery. 

 Vasquez was convicted of both Family Violence-Assault, and Resisting Arrest. This act
occurred as a result of a commission of a felony and of the apprehension immediately after the
commission of the felony. The only way Vasquez could recover under the statute is if the injury
occurred from an entirely separate act not involving the assault of his wife and his resisting arrest
immediately following the assault. That was not the case here. The officers responded to the 911
call, found Vasquez's wife battered, proceeded to arrest him, and injuries to both the officers and
Vasquez occurred as a result of the apprehension and Vasquez's resisting the arrest. 

 Furthermore, the legislative intent behind the statute is to bar recovery to claimants under
similar types of circumstances. (2) Though the suit in the instant case is against the City and one of its
police officers, rather than a victim, the purpose is to disallow a windfall to a convicted felon for
something that would not have occurred but for the commission of that felony or misdemeanor.
Absent pleading and proof of a civil rights violation, which was not done in this case, Vasquez is
barred from recovery under section 86.002 of the Texas Civil and Practices Remedies Code; therefore
summary judgment was proper. 

Good Faith


 Vasquez contends that there is no evidence that any reasonably prudent police officer under 

the same or similar circumstances could have believed their actions were justified, citing Lancaster
v. Chambers, 883 S.W.2d 650 (Tex. 1994). Lancaster involved a high speed chase. The test for
whether an officer acts in good faith in that context was determined to be whether "a reasonably
prudent officer, under the same or similar circumstances, could have believed that the need to
immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the
pursuit." Lancaster at 656. The court stated this test does not mean the officer has to prove that it
would have been unreasonable to end the pursuit or that all reasonable officers would have continued,
but rather that the plaintiff has to prove that no reasonable officer could have thought that the
circumstances were such that the defendant's acts were justified. Id. at 657. Here, the officers were
attempting to arrest someone who was resisting that arrest. It seems clear that reasonably competent
officers could disagree on how to carry out that arrest. Therefore, it is not proven that no reasonable
officer could have believed Officer Garza was acting in good faith, given the same or similar
circumstances.


Immunity for Intentional Acts


 Under the doctrine of sovereign immunity, the State is not liable for the negligence of its
officers or employees absent constitutional or statutory provision waiving immunity from liability.
See University of Texas Med. Branch of Galveston v. York, 871 S.W.2d 175, 177 (Tex. 1994); Lowe
v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976). The TTCA waives this immunity from
liability in certain instances. Tex. Civ. Prac. & Rem. Code Ann. § 101.001-101.109 (Vernon 1997).
Under Section 101.021(2) of the TTCA, a governmental unit is liable for "personal injury and death
so caused by a condition or use of tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to Texas law." Id. at § 101.021(2).
However, the waiver of sovereign immunity in Section 101.021 does not apply to a claim "arising out
of assault, battery, false imprisonment, or any other intentional tort." Id. at § 101.057. 

 Section 101.021(2) requires that personal injury be proximately caused by the use of tangible
property. See Dallas Co. Mental Health v. Bossley, 968 S.W.2d 339, 342 (Tex. 1998). This requires
more than mere involvement of the property. See id. at 342-43. In Bossley, the unlocking of a door
at a residential unit, and the subsequent elopement of a resident resulting in a suicide, was not found
to be the cause of the harm. Id. at 343. The real complaint, according to the Bossley court was that
the death was caused not by the use of the property, but rather by the failure of the staff to restrain
the resident once they learned he was suicidal. Id. In the instant case, Vasquez's complaint stems
from an alleged kick to the head, not from the use of the property - the officer's boot. Additionally,
this complaint is truly one of battery, an intentional tort not waived under the sovereign immunity of
Section 101.021. 


Employees Not Liable After Judgment


 Under the Texas Tort Claims Act, a judgment or a settlement of a claim against a
governmental unit bars any action against the governmental employee arising out of the same act or
omission giving rise to the claim against the government. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106 (Vernon 1997). The Legislature has supplied this exception to the waiver of
governmental immunity for particular actions where a suit against the governmental unit has
continued to judgment. See Newman v. Obersteller, 960 S.W.2d 621, 622 (Tex. 1997). This is a
grant of immunity, which in Newman, gave the school district employee immunity following a
summary judgment for the school district. See id. 

 Vasquez claims that there has been no settlement in this case and the criminal conviction is
not a bar. However, the summary judgment granted by the trial court in favor of the City of San
Antonio, which we are affirming, is the judgment that provides immunity from any action against the
government employee, Carlos Garza, arising out of the same subject matter which gave rise to this
claim. See Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995) (asserting that section 101.106
provides immunity for the governmental employee contemporaneously with a judgment in an action
against a governmental unit involving the same subject matter). 

Appellant's Summary Judgment Motion


 A summary judgment motion must state the specific grounds on which the motion is based
and shall be filed and served no less than twenty-one days before the time set for the hearing, except
on leave of court. Tex. R. Civ. Proc. 166(a). The document Vasquez claims is a motion for
summary judgment is entitled "Counter-Claim and Response to City of San Antonio et al's Motion
for Summary Judgment" and was filed September 2, 1999. The hearing on the summary judgment
was set for and took place on September 9, 1999. Nothing exists in the record to show leave of court
was requested or granted to file a motion for summary judgment in less than the twenty-one days
required. Additionally, no specific grounds exist in the counter-claim and response on which to grant
or deny a summary judgment, as is required under Rule 166(a). Therefore, because the requirements
for a summary judgment were not met, there was no motion for summary judgment by Vasquez for
the trial court to deny or for this court to review.

 The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH
1. Though named in this suit, Officer Naylor was never served and is not a party.
2. The legislative purpose of the bill was to prevent convicted felons from recovering damages for injuries
occurring as a result of the commission of a felony or misdemeanor. House Comm. on Civil Practices, Bill
Analysis, Tex. H.B. 692, 74th Leg., R.S. (1995).