Criminal Case Template






COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



CRANE COUNTY,


 Appellant,


v.


RANDY SAULTS,


 Appellee.

§


§


§


§


§

No. 08-02-00207-CV


Appeal from the


109th District Court


of Crane County, Texas


(TC# 5174)


O P I N I O N



 This is an appeal from an order denying a plea to the jurisdiction filed by a
governmental unit. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon
Supp. 2003). We reverse the order and render judgment dismissing this cause for lack of
jurisdiction.

Factual and Procedural Background


 Randy Saults filed suit against Crane County, Texas, claiming that he was injured
while incarcerated in the Crane County Jail on October 31, 1997. Saults alleged that as
he was opening a freezer door located at the top of a stairway, the door swung out,
causing him to fall backward down the concrete stairs. Crane County answered with a
general denial and a verified denial that it had received notice of Saults's claim as
required by the Texas Tort Claims Act (TTCA).

 Crane County also filed a motion for summary judgment, arguing that it did not
receive proper notice of Saults's claim. For summary judgment proof, Crane County
relied on the affidavits of the county judge and county auditor of Crane County. Both of
these officials averred that they did not have formal notice of Saults's claim until they
received a letter from Saults's attorney dated October 6, 1998. They also averred that
there was nothing in their files to indicate that Crane County had actual notice of its
potential liability for Saults's claim.

 To defeat Crane County's motion, Saults relied on reports written by two jailers
and his own affidavit. The jailers' reports are dated October 31, 1997. Jailer Ruben
Garcia's report states that Saults asked him where some food was. Garcia told him it was
in the freezer by the stairway and then went back to his office. About two minutes later,
Garcia heard someone calling his name. While he was trying to discern who was calling
his name, Jailer Karie Smith told him that Saults had fallen down the stairs. Garcia
asked Saults if he was "okay," and Saults complained of pain in his side and his head. 
Saults declined an offer to call an ambulance. The report states that "Danny and Bill
Dawson took [Saults] to the hospital" and that "Dolores . . . called the sheriff and let him
know what had happened." (1)

 Jailer Karie Smith's report states that when she heard someone calling Jailer
Garcia's name, she walked toward the stairs and saw Saults lying on the stairway. 
Smith's report also states that Saults declined an offer to call an ambulance, that Dolores
called the sheriff about the incident, and that "Bill and Danny took [Saults] to the
hospital."

 Saults's affidavit states that he gave notice of the accident "after it happened; well
within the six (6) month period prescribed by section 101.101 of the TTCA. On October
31, 1997, jailers, Ruben Garcia and Karie Smith made reports regarding my accident and
stated that I went to the hospital on said date."

 The trial court denied Crane County's motion for summary judgment. Thereafter,
Crane County filed a plea to the jurisdiction, arguing again that Saults failed to provide
notice of his claim and relying on the same proof that it relied on in its motion for
summary judgment. Saults did not file a response to the plea to the jurisdiction. The trial
court denied the plea, and this appeal followed.

The Notice Requirement

 Before considering whether Crane County had notice of Saults's claim, we must
first determine whether it is proper to raise lack of notice in a plea to the jurisdiction. If it
is not proper to raise the issue in a plea to the jurisdiction, the trial court's order should be
upheld.

 Crane County is immune from suit except to the extent that immunity has been
waived by the TTCA. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(3)(B),
101.021(2), 101.025 (Vernon 1997 & Supp. 2003). The TTCA requires a claimant to
give a governmental unit formal, written notice of a claim within six months of the
incident giving rise to the claim. Id. § 101.101(a) (Vernon 1997); Texana Cmty. MHMR
Ctr. v. Silvas, 62 S.W.3d 317, 324 (Tex. App.--Corpus Christi 2001, no pet.). The failure
to give notice is excused, however, if the governmental unit has "actual notice" of the
claim. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c).

 The Texas Supreme Court has held that "governmental immunity from suit defeats
a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the
jurisdiction." Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999). But the
court has not expressly decided whether the notice requirement of section 101.101 is
jurisdictional. The courts that have considered this issue have reached differing
conclusions.

 The Dallas Court of Appeals has held that the notice requirement of section
101.101 is not jurisdictional. Stanton v. Univ. of Tex. Health Sci. Ctr., 997 S.W.2d 628,
629 (Tex. App.--Dallas 1998, pet. denied). The court noted that the purpose of the notice
requirement is to advise the governmental unit of the claim and to allow it an opportunity
to investigate and settle the claim without litigation. Id.; see also City of Houston v.
Torres, 621 S.W.2d 588, 591 (Tex. 1981). Because this purpose has nothing to do with
assuring that the appropriate body adjudicates the dispute, the court reasoned that the
notice requirement is not jurisdictional. Stanton, 997 S.W.2d at 629. To support its
conclusion, the court relied on Essenburg v. Dallas County, 988 S.W.2d 188 (Tex. 1998)
(per curiam).

 In Essenburg, the court held that the presentation-of-claim statute in the Local
Government Code is not jurisdictional. That statute provides that a person may not sue a
county unless the person has first submitted the claim to the commissioners court and the
commissioners court has not paid the claim. See Tex. Loc. Gov't Code Ann. §
89.004(a) (Vernon Supp. 2003). The court stated that "the presentment requirement is
concerned with promoting settlement, whereas the exhaustion [of administrative
remedies] requirement seeks to assure that the appropriate body adjudicates the dispute--the hallmark of a jurisdictional statute." Essenburg, 988 S.W.2d at 189.

 The Fort Worth Court of Appeals has criticized Stanton. See State v. Kreider, 44
S.W.3d 258, 263-64 (Tex. App.--Fort Worth 2001, pet. denied). In Kreider, the court
noted that Essenburg involved the presentment requirement of the Local Government
Code, rather than the notice requirement of the TTCA. Id. at 263. The court asserted that
the presentment requirement of the Local Government Code is more analogous to the
notice-of-claim provisions in the DTPA and the Medical Liabilities Act than to the notice
requirement in the TTCA. Id. The presentment requirement of the Local Government
Code and the notice-of-claim provisions of the DTPA and the Medical Liabilities Act
require notice of a claim to be presented within a certain period of time before suit is
filed. See Tex. Loc. Gov't Code Ann. § 89.004(a); Tex. Rev. Civ. Stat. Ann. art.
4590i, § 4.01(a) (Vernon Supp. 2003); Tex. Bus. & Com. Code Ann. § 17.505(a)
(Vernon 2002). Because these periods are defined in relation to the date suit is filed,
failure to provide proper notice can be cured by abatement. Kreider, 44 S.W.3d at 263. 
In contrast, the notice requirement of the TTCA requires that notice be given within a
certain period of time after the incident giving rise to the claim. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.101(a) (Vernon 1997). Because this period is defined in relation
to the date of the injury, failure to provide the proper notice could rarely be cured by
abatement. Kreider, 44 S.W.3d at 263-64.

 Citing Kreider, the Corpus Christi Court of Appeals has treated the notice
requirement of the TTCA as jurisdictional. See Texana Cmty. MHMR Ctr., 62 S.W.3d at
321, 324-25; see also City of San Angelo v. Smith, 69 S.W.3d 303, 306 n.3 (Tex. App.--Austin 2002, pet. denied) ("Because we conclude that the City had actual notice, we need
not address whether the notice requirement is jurisdictional.").

 We agree with the Fort Worth and Corpus Christi Courts that the notice
requirement is jurisdictional. In Jones, the Texas Supreme Court made clear that
governmental immunity from suit deprives a court of jurisdiction. See 8 S.W.3d at 637. (2) 
Governmental units have immunity from suit except to the extent permitted by the TTCA. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (Vernon 1997). Thus, tort suits
against governmental units are derived from the TTCA and exist solely by virtue of the
TTCA. Streetman v. Univ. of Tex. Health Sci. Ctr., 952 S.W.2d 53, 56 (Tex. App.--San
Antonio 1997, pet. denied). When a plaintiff invokes the procedural devices of the TTCA
to bring a cause of action, the plaintiff is bound by the limitations and remedies provided
in the statute. State Dep't of Highways and Pub. Transp. v. Dopyera, 834 S.W.2d 50, 54
(Tex. 1992). We therefore conclude that failure to comply with the notice requirement is
a jurisdictional defect. Because the notice requirement is jurisdictional, it necessarily
follows that failure to comply with the requirement is properly raised in a plea to the
jurisdiction. See Kreider, 44 S.W.3d at 261. We now turn to the question of whether
Saults complied with the notice requirement.Actual Notice

 We review a ruling on a plea to the jurisdiction de novo. Texana Cmty. MHMR
Ctr., 62 S.W.3d at 320. The plaintiff bears the burden of alleging facts that affirmatively
demonstrate the trial court's jurisdiction. Id. But we are not required to look solely at the
pleadings. Instead, we "may consider evidence and must do so when necessary to resolve
the jurisdictional issues raised." Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555
(Tex. 2000); see also Texas Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001) ("We must also look to the summary judgment evidence the plaintiff offered to
support her jurisdictional argument."); Texas Natural Res. Conservation Comm'n v.
White, 46 S.W.3d 864, 870 (Tex. 2001) (noting that one of the plaintiff's jurisdictional
arguments was "not supported by the factual allegations in the pleadings or by extrinsic
evidence in the record").

 Saults's petition does not allege any facts to establish that he complied with the
notice requirement of the TTCA. The petition does not even acknowledge that this suit is
governed by the TTCA. There is nothing in the record to indicate that Saults gave formal,
written notice of his claim within six months of the accident. Thus, the viability of his
claim is dependent upon whether the record contains evidence that Crane County had
actual notice of the claim.

 A governmental unit has actual notice of a claim if it is aware of: (1) death, injury,
or property damage; (2) the governmental unit's alleged fault in producing or contributing
to the death, injury, or property damage; and (3) the identity of the parties involved. 
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Gonzalez v. El Paso Hosp. Dist., 940
S.W.2d 793, 795 (Tex. App.--El Paso 1997, no writ). "[A]ctual notice may be imputed to
the governmental unit only when an agent or representative of the entity charged with a
duty to investigate and report to the governmental unit receives the three elements of
actual notice outlined in Cathey." Gonzalez, 940 S.W.2d at 795. Crane County concedes
that it had knowledge of the first and third elements of actual notice. It argues, however,
that it had no notice of its alleged fault in producing Saults's injury.

 The jailers' reports establish that the jailers were aware that Saults fell down the
stairs, that he complained of pain in his head and side, that he declined the use of an
ambulance, that he was taken to the hospital by unidentified people, and that the sheriff
was informed of the accident. For the reasons explained below, we conclude that these
facts were insufficient to provide Crane County with actual notice of its alleged fault for
the accident.

 It is well-established that awareness of an accident, standing alone, is insufficient
to constitute actual notice. See, e.g., Smith, 69 S.W.3d at 307; Putthoff v. Ancrum, 934
S.W.2d 164, 173 (Tex. App.--Fort Worth 1996, writ denied). When combined with other
evidence, however, awareness of an accident may be adequate to establish actual notice. 
See, e.g., Smith, 69 S.W.3d at 307-08. The accident must sufficiently disrupt the
governmental entity so that it can fairly be said that the governmental entity would be
likely to discover its alleged fault. Id. at 307. The mere filing of an accident report will
not always constitute actual notice, but an incident that triggers a separate investigation
and report likely will impute notice to the governmental unit. Id. at 308. In other words,
a governmental unit has actual notice if a prudent entity could ascertain its potential
liability stemming from an accident, either by conducting a further investigation or
because of its obvious fault. Id. at 307.

 In Smith, a visitor to the City of San Angelo's water treatment plant fell into a tank
of water. It was undisputed that the City knew the visitor sustained injuries as a result of
the fall. The court noted that "[w]hile this alone may be insufficient to constitute actual
notice," when combined with other evidence, it was sufficient to show that the City was
aware of its potential culpability. Id. at 308. The court relied on the following evidence:
the accident occurred in the presence of the plant superintendent; the superintendent was
aware that the visitor's injuries required hospital treatment; after the accident, the
superintendent informed the plant's risk manager of the accident; within one day of the
accident, the City began constructing a guardrail around the tank; and the City refused to
let the visitor's brother-in-law take pictures of the accident site. Id. at 305, 308.

 The actions taken by the City in Smith clearly indicate that it was aware of its
alleged fault. No such evidence is present in this case.

 Moreover, there is no evidence to connect the accident with an action or omission
of Crane County. Because the mere awareness of an accident is insufficient to establish
actual notice, we believe that such evidence is necessary. See, e.g., Bell v. Dallas-Fort
Worth Reg'l Airport Bd., 427 F. Supp. 927, 929-30 (N.D. Tex. 1977) (holding that
governmental unit's knowledge that someone fell in one of its buses, that officers were
dispatched to the scene, that defendant said she experienced pain when she fell, and that
she refused medical attention did not constitute actual notice that governmental unit's acts
or omissions caused the fall); Benavides v. Dallas-Fort Worth Int'l Airport Bd., 946
S.W.2d 576, 579 (Tex. App.--Fort Worth 1997, no writ) (holding, in single-car-accident
case, that police report describing circumstances of accident and indicating that speed
contributed to the accident did not provide actual notice of governmental unit's alleged
fault); Renard v. Park Ten Mun. Util. Dist., 794 S.W.2d 956, 957-59 (Tex. App.--Houston
[1st Dist.] 1990, no writ) (holding that governmental unit's knowledge that its excavation
project was causing mud to accumulate on a road, that an accident occurred, and that
there was excess mud on the road did not constitute actual notice of governmental unit's
alleged fault because the evidence did not link the mud to the accident); cf. Wright v.
Texas Dep't of Criminal Justice, 68 S.W.3d 788, 792 (Tex. App.--Houston [14th Dist.]
2001, no pet.) (holding, in inmate's slip-and-fall case, that report prepared on day of
accident that indicated accident was caused by a leaking beverage table, that a "wet floor"
sign was available and not used, and that workers were instructed after the accident to use
the sign, provided actual notice of claim).

 Finally, there is no evidence that any Crane County personnel investigated the
accident or that they had a duty to investigate. Nor does the evidence suggest that Crane
County was obviously at fault. Accordingly, there is no evidence that Crane County
knew or should have known of its potential culpability. See Smith, 69 S.W.3d at 307
(stating that a governmental unit has actual notice if it could ascertain its potential
liability because it was obviously at fault or by conducting a further investigation); see
also Mutrux v. Cameron County, 809 F. Supp. 510, 512 (S.D. Tex. 1992) (holding that
governmental unit had actual notice because it conducted thorough investigation of
inmate suicide); McDonald v. State, 936 S.W.2d 734, 739 (Tex. App.--Waco 1997, no
writ) (holding that governmental unit did not have actual notice because there was no
evidence that a person with a duty to investigate was aware of the accident); Rosales v.
Brazoria County, 764 S.W.2d 342, 345 (Tex. App.--Texarkana 1989, no writ) (holding
that governmental unit had actual notice because it conducted internal investigation of car
accident involving a deputy).

Conclusion

 We conclude that the failure to comply with the TTCA's notice requirement is a
jurisdictional defect that may properly be raised in a plea to the jurisdiction. We further
conclude that Saults failed to comply with the notice requirement. Accordingly, we
reverse the order denying Crane County's plea to the jurisdiction and render judgment
dismissing this cause for lack of jurisdiction.


 SUSAN LARSEN, Justice

March 20, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.

1. There is nothing in the record to identify who Danny, Dolores, and Bill Dawson are.
2. We note that when the Dallas Court of Appeals decided Stanton, it did not have the
benefit of the Texas Supreme Court's decision in Jones.