**CRANE COUNTY, Appellant,**

v.

**Randy SAULTS, Appellee.**

No. 08–02–00207–CV.

Court of Appeals of Texas, El Paso.

March 20, 2003.

---

Vanessa A. Gonzalez, Allison, Bass & Associates, LLP, Austin, for appellant.

Randy Saults, Huntington, pro se.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an appeal from an order denying a plea to the jurisdiction filed by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2003). We reverse the order and render judgment dismissing this cause for lack of jurisdiction.

### Factual and Procedural Background

Randy Saults filed suit against Crane County, Texas, claiming that he was injured while incarcerated in the Crane County Jail on October 31, 1997. Saults alleged that as he was opening a freezer door located at the top of a stairway, the door swung out, causing him to fall backward down the concrete stairs. Crane County answered with a general denial and a verified denial that it had received notice of Saults's claim as required by the Texas Tort Claims Act (TTCA).

Crane County also filed a motion for summary judgment, arguing that it did not receive proper notice of Saults's claim. For summary judgment proof, Crane County relied on the affidavits of the county judge and county auditor of Crane County. Both of these officials averred that they did not have formal notice of Saults's claim until they received a letter from Saults's attorney dated October 6, 1998. They also averred that there was nothing in their files to indicate that Crane County had actual notice of its potential liability for Saults's claim.

To defeat Crane County's motion, Saults relied on reports written by two jailers and his own affidavit. The jailers' reports are dated October 31, 1997. Jailer Ruben Garcia's report states that Saults asked him where some food was. Garcia told him it was in the freezer by the stairway and then went back to his office. About two minutes later, Garcia heard someone calling his name. While he was trying to discern who was calling his name, Jailer Karie Smith told him that Saults had fallen down the stairs. Garcia asked Saults if he was "okay," and Saults complained of pain in his side and his head. Saults declined an offer to call an ambulance. The report states that "Danny and Bill Dawson took [Saults] to the hospital" and that "Dolores ... called the sheriff and let him know what had happened."[1]

Jailer Karie Smith's report states that when she heard someone calling Jailer Garcia's name, she walked toward the stairs and saw Saults lying on the stairway. Smith's report also states that Saults declined an offer to call an ambulance, that Dolores called the sheriff about the incident, and that "Bill and Danny took [Saults] to the hospital."

Saults's affidavit states that he gave notice of the accident "after it happened; well within the six (6) month period prescribed by section 101.101 of the TTCA. On October 31, 1997, jailers, Ruben Garcia and Karie Smith made reports regarding my accident and stated that I went to the hospital on said date."

The trial court denied Crane County's motion for summary judgment. Thereafter, Crane County filed a plea to the jurisdiction, arguing again that Saults failed to provide notice of his claim and relying on

---

1. There is nothing in the record to identify who Danny, Dolores, and Bill Dawson are.

the same proof that it relied on in its motion for summary judgment. Saults did not file a response to the plea to the jurisdiction. The trial court denied the plea, and this appeal followed.

## The Notice Requirement

Before considering whether Crane County had notice of Saults's claim, we must first determine whether it is proper to raise lack of notice in a plea to the jurisdiction. If it is not proper to raise the issue in a plea to the jurisdiction, the trial court's order should be upheld.

■ Crane County is immune from suit except to the extent that immunity has been waived by the TTCA. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001(3)(B), 101.021(2), 101.025 (Vernon 1997 & Supp. 2003). The TTCA requires a claimant to give a governmental unit formal, written notice of a claim within six months of the incident giving rise to the claim. *Id.* § 101.101(a) (Vernon 1997); *Texana Cmty. MHMR Ctr. v. Silvas*, 62 S.W.3d 317, 324 (Tex.App.-Corpus Christi 2001, no pet.). The failure to give notice is excused, however, if the governmental unit has "actual notice" of the claim. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(c).

The Texas Supreme Court has held that "governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex.1999). But the court has not expressly decided whether the notice requirement of section 101.101 is jurisdictional. The courts that have considered this issue have reached differing conclusions.

The Dallas Court of Appeals has held that the notice requirement of section 101.101 is not jurisdictional. *Stanton v. Univ. of Tex. Health Sci. Ctr.*, 997 S.W.2d 628, 629 (Tex.App.-Dallas 1998, pet. de-

nied). The court noted that the purpose of the notice requirement is to advise the governmental unit of the claim and to allow it an opportunity to investigate and settle the claim without litigation. *Id.; see also City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex.1981). Because this purpose has nothing to do with assuring that the appropriate body adjudicates the dispute, the court reasoned that the notice requirement is not jurisdictional. *Stanton*, 997 S.W.2d at 629. To support its conclusion, the court relied on *Essenburg v. Dallas County*, 988 S.W.2d 188 (Tex.1998) (per curiam).

In *Essenburg*, the court held that the presentation-of-claim statute in the Local Government Code is not jurisdictional. That statute provides that a person may not sue a county unless the person has first submitted the claim to the commissioners court and the commissioners court has not paid the claim. *See* TEX. LOC. GOV'T CODE ANN. § 89.004(a) (Vernon Supp.2003). The court stated that "the presentment requirement is concerned with promoting settlement, whereas the exhaustion [of administrative remedies] requirement seeks to assure that the appropriate body adjudicates the dispute—the hallmark of a jurisdictional statute." *Essenburg*, 988 S.W.2d at 189.

The Fort Worth Court of Appeals has criticized *Stanton*. *See State v. Kreider*, 44 S.W.3d 258, 263–64 (Tex.App.-Fort Worth 2001, pet. denied). In *Kreider*, the court noted that *Essenburg* involved the presentment requirement of the Local Government Code, rather than the notice requirement of the TTCA. *Id.* at 263. The court asserted that the presentment requirement of the Local Government Code is more analogous to the notice-of-claim provisions in the DTPA and the Medical Liabilities Act than to the notice require-

ment in the TTCA. *Id.* The presentment requirement of the Local Government Code and the notice-of-claim provisions of the DTPA and the Medical Liabilities Act require notice of a claim to be presented within a certain period of time before suit is filed. *See* TEX. LOC. GOV'T CODE ANN. § 89.004(a); TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(a) (Vernon Supp.2003); TEX. BUS. & COM.CODE ANN. § 17.505(a) (Vernon 2002). Because these periods are defined in relation to the date suit is filed, failure to provide proper notice can be cured by abatement. *Kreider,* 44 S.W.3d at 263. In contrast, the notice requirement of the TTCA requires that notice be given within a certain period of time after the incident giving rise to the claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 1997). Because this period is defined in relation to the date of the injury, failure to provide the proper notice could rarely be cured by abatement. *Kreider,* 44 S.W.3d at 263–64.

Citing *Kreider,* the Corpus Christi Court of Appeals has treated the notice requirement of the TTCA as jurisdictional. *See Texana Cmty. MHMR Ctr.,* 62 S.W.3d at 321, 324–25; *see also City of San Angelo v. Smith,* 69 S.W.3d 303, 306 n. 3 (Tex. App.-Austin 2002, pet. denied) ("Because we conclude that the City had actual notice, we need not address whether the notice requirement is jurisdictional.").

■■■ We agree with the Fort Worth and Corpus Christi Courts that the notice requirement is jurisdictional. In *Jones,* the Texas Supreme Court made clear that governmental immunity from suit deprives a court of jurisdiction. *See* 8 S.W.3d at 637.[2] Governmental units have immunity from suit except to the extent permitted by the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (Vernon 1997).

Thus, tort suits against governmental units are derived from the TTCA and exist solely by virtue of the TTCA. *Streetman v. Univ. of Tex. Health Sci. Ctr.,* 952 S.W.2d 53, 56 (Tex.App.-San Antonio 1997, pet. denied). When a plaintiff invokes the procedural devices of the TTCA to bring a cause of action, the plaintiff is bound by the limitations and remedies provided in the statute. *State Dep't of Highways and Pub. Transp. v. Dopyera,* 834 S.W.2d 50, 54 (Tex.1992). We therefore conclude that failure to comply with the notice requirement is a jurisdictional defect. Because the notice requirement is jurisdictional, it necessarily follows that failure to comply with the requirement is properly raised in a plea to the jurisdiction. *See Kreider,* 44 S.W.3d at 261. We now turn to the question of whether Saults complied with the notice requirement.

### Actual Notice

■■■ We review a ruling on a plea to the jurisdiction *de novo. Texana Cmty. MHMR Ctr.,* 62 S.W.3d at 320. The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* But we are not required to look solely at the pleadings. Instead, we "may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000); *see also Texas Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001) ("We must also look to the summary judgment evidence the plaintiff offered to support her jurisdictional argument."); *Texas Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 870 (Tex.2001) (noting that one of the plaintiff's jurisdictional arguments was "not supported by the factual

---

**2.** We note that when the Dallas Court of Appeals decided *Stanton,* it did not have the benefit of the Texas Supreme Court's decision in *Jones.*

allegations in the pleadings or by extrinsic evidence in the record").

■ Saults's petition does not allege any facts to establish that he complied with the notice requirement of the TTCA. The petition does not even acknowledge that this suit is governed by the TTCA. There is nothing in the record to indicate that Saults gave formal, written notice of his claim within six months of the accident. Thus, the viability of his claim is dependent upon whether the record contains evidence that Crane County had actual notice of the claim.

■ A governmental unit has actual notice of a claim if it is aware of: (1) death, injury, or property damage; (2) the governmental unit's alleged fault in producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Gonzalez v. El Paso Hosp. Dist.,* 940 S.W.2d 793, 795 (Tex.App.-El Paso 1997, no writ). "[A]ctual notice may be imputed to the governmental unit only when an agent or representative of the entity charged with a duty to investigate and report to the governmental unit receives the three elements of actual notice outlined in *Cathey.*" *Gonzalez,* 940 S.W.2d at 795. Crane County concedes that it had knowledge of the first and third elements of actual notice. It argues, however, that it had no notice of its alleged fault in producing Saults's injury.

The jailers' reports establish that the jailers were aware that Saults fell down the stairs, that he complained of pain in his head and side, that he declined the use of an ambulance, that he was taken to the hospital by unidentified people, and that the sheriff was informed of the accident. For the reasons explained below, we conclude that these facts were insufficient to provide Crane County with actual notice of its alleged fault for the accident.

■ It is well-established that awareness of an accident, standing alone, is insufficient to constitute actual notice. *See, e.g., Smith,* 69 S.W.3d at 307; *Putthoff v. Ancrum,* 934 S.W.2d 164, 173 (Tex. App.-Fort Worth 1996, writ denied). When combined with other evidence, however, awareness of an accident may be adequate to establish actual notice. *See, e.g., Smith,* 69 S.W.3d at 307–08. The accident must sufficiently disrupt the governmental entity so that it can fairly be said that the governmental entity would be likely to discover its alleged fault. *Id.* at 307. The mere filing of an accident report will not always constitute actual notice, but an incident that triggers a separate investigation and report likely will impute notice to the governmental unit. *Id.* at 308. In other words, a governmental unit has actual notice if a prudent entity could ascertain its potential liability stemming from an accident, either by conducting a further investigation or because of its obvious fault. *Id.* at 307.

In *Smith,* a visitor to the City of San Angelo's water treatment plant fell into a tank of water. It was undisputed that the City knew the visitor sustained injuries as a result of the fall. The court noted that "[w]hile this alone may be insufficient to constitute actual notice," when combined with other evidence, it was sufficient to show that the City was aware of its potential culpability. *Id.* at 308. The court relied on the following evidence: the accident occurred in the presence of the plant superintendent; the superintendent was aware that the visitor's injuries required hospital treatment; after the accident, the superintendent informed the plant's risk manager of the accident; within one day of the accident, the City began constructing a guardrail around the tank; and the City

refused to let the visitor's brother-in-law take pictures of the accident site. *Id.* at 305, 308.

The actions taken by the City in *Smith* clearly indicate that it was aware of its alleged fault. No such evidence is present in this case.

Moreover, there is no evidence to connect the accident with an action or omission of Crane County. Because the mere awareness of an accident is insufficient to establish actual notice, we believe that such evidence is necessary. *See, e.g., Bell v. Dallas–Fort Worth Reg'l Airport Bd.*, 427 F.Supp. 927, 929–30 (N.D.Tex.1977) (holding that governmental unit's knowledge that someone fell in one of its buses, that officers were dispatched to the scene, that defendant said she experienced pain when she fell, and that she refused medical attention did not constitute actual notice that governmental unit's acts or omissions caused the fall); *Benavides v. Dallas–Fort Worth Int'l Airport Bd.*, 946 S.W.2d 576, 579 (Tex.App.-Fort Worth 1997, no writ) (holding, in single-car-accident case, that police report describing circumstances of accident and indicating that speed contributed to the accident did not provide actual notice of governmental unit's alleged fault); *Renard v. Park Ten Mun. Util. Dist.*, 794 S.W.2d 956, 957–59 (Tex.App.-Houston [1st Dist.] 1990, no writ) (holding that governmental unit's knowledge that its excavation project was causing mud to accumulate on a road, that an accident occurred, and that there was excess mud on the road did not constitute actual notice of governmental unit's alleged fault because the evidence did not link the mud to the accident); *cf. Wright v. Texas Dep't of Criminal Justice*, 68 S.W.3d 788, 792 (Tex. App.-Houston [14th Dist.] 2001, no pet.) (holding, in inmate's slip-and-fall case, that report prepared on day of accident that indicated accident was caused by a leaking beverage table, that a "wet floor" sign was available and not used, and that workers were instructed after the accident to use the sign, provided actual notice of claim).

Finally, there is no evidence that any Crane County personnel investigated the accident or that they had a duty to investigate. Nor does the evidence suggest that Crane County was obviously at fault. Accordingly, there is no evidence that Crane County knew or should have known of its potential culpability. *See Smith*, 69 S.W.3d at 307 (stating that a governmental unit has actual notice if it could ascertain its potential liability because it was obviously at fault or by conducting a further investigation); *see also Mutrux v. Cameron County*, 809 F.Supp. 510, 512 (S.D.Tex. 1992) (holding that governmental unit had actual notice because it conducted thorough investigation of inmate suicide); *McDonald v. State*, 936 S.W.2d 734, 739 (Tex. App.-Waco 1997, no writ) (holding that governmental unit did not have actual notice because there was no evidence that a person with a duty to investigate was aware of the accident); *Rosales v. Brazoria County*, 764 S.W.2d 342, 345 (Tex. App.-Texarkana 1989, no writ) (holding that governmental unit had actual notice because it conducted internal investigation of car accident involving a deputy).

## Conclusion

We conclude that the failure to comply with the TTCA's notice requirement is a jurisdictional defect that may properly be raised in a plea to the jurisdiction. We further conclude that Saults failed to comply with the notice requirement. Accordingly, we reverse the order denying Crane County's plea to the jurisdiction and render judgment dismissing this cause for lack of jurisdiction.