Affirmed and Opinion filed October 7, 2003












Affirmed and
Opinion filed October 7, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00393-CV

_______________

 

ANGLETON
DANBURY HOSPITAL DISTRICT d/b/a

ANGLETON
DANBURY MEDICAL CENTER, Appellant

 

V.

 

VERONICA CHAVANA and OSCAR CHAVANA, Appellees

___________________________________________________________

 

On Appeal from
the 239th District Court

Brazoria County, Texas

Trial Court
Cause No. 11571*JG00

___________________________________________________________

 

O P I N I O N

 

            In this medical malpractice action,
Angleton Danbury Hospital District d/b/a Angleton Danbury Medical Center (the
“district”) appeals the trial court’s denial of its plea to the jurisdiction[1] on
the ground that Veronica and Oscar Chavana (the “Chavanas”) failed to satisfy the notice or tangible personal property requirements of
the Texas Tort Claims Act[2]
(the “Act”).  We affirm.

                                                            Standard of Review

            Governmental immunity from suit
defeats a trial court’s subject matter jurisdiction.  Dallas Area Rapid Transit v. Whitley, 104 S.W.3d
540, 542 (Tex. 2003).  Therefore,
in a suit against a governmental unit, a plaintiff must affirmatively
demonstrate the court’s jurisdiction by alleging a valid waiver of immunity.  Id.

            In ruling on a plea to the
jurisdiction based on governmental immunity, a court may consider facts alleged
by the plaintiff and evidence relevant to the jurisdictional issue, without
regard to whether the claims asserted have merit.  Id.;
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  Therefore, a plea to the
jurisdiction does not authorize an inquiry so far into the substance of the
claims presented that plaintiffs are required to put on their case simply to
establish jurisdiction.  See Bland, 34 S.W.3d at 554.[3]  Whether a determination of subject matter
jurisdiction can be made in a preliminary hearing or should await a fuller
development of the merits of the case must be left largely to the trial court’s
discretion.  Id.  A ruling on
a plea to the jurisdiction is reviewed for sufficiency of the evidence on fact
questions and de novo on questions of law. 
ExxonMobil Pipeline Co. v. Harrison Interests, Ltd., 93 S.W.3d 188, 192 n.2 (Tex. App.—Houston [14th
Dist.] 2002, pet. filed).

                                                           Grounds for Review

            In this
case, the Chavanas sued Orlando Morales, M.D.,
Brazoria County Anesthesia, P.A. (the “anesthesia group”), and the district,
alleging that Veronica was injured by being negligently injected with
hypertonic saline, rather than a local anaesthetic,
in preparation for her cataract surgery. 
In the plea and on appeal, the district asserts that the Chavanas did not satisfy the jurisdictional requirements
for asserting such a claim in two respects.

                                                                  Lack of Notice

            The district first contends that it
did not receive formal or actual notice of the claim within the required six
month period, as required by the Act.[4]  It is undisputed that the district did not
receive formal notice, and the district asserts that neither its medical
records nor its verbal
communications with the Chavanas provided it
actual notice that any district employees were potentially culpable in causing
the injury.

            Actual notice to a governmental unit
requires knowledge of: (1) a death, injury, or property damage; (2) the unit’s
alleged fault producing or contributing to it; and (3) the identity of the
parties involved.  Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995).  The existence of actual notice is
a question of fact.  City of Houston v.
Daniels, 66
S.W.3d 420, 424 (Tex. App.—Houston [14th Dist.] 2001, no pet.). 
Actual notice may be imputed to a governmental unit when its fault is
obvious or an agent charged with a duty to investigate and report to the unit
receives notice of the three Cathey elements.  See Crane County v. Saults,
101 S.W.3d 764, 769 (Tex. App.—El Paso 2003, no pet.).  Thus, an incident that triggers an
investigation and accident report will impute such notice where there is
evidence to connect the accident to an action or omission by the governmental
unit such that it should have known of its potential culpability.  See id.
at 769-70.

            In this
case, the Chavanas’ pleadings and evidence show that
the district had notice of Veronica’s injury from its medical records and
Veronica’s verbal communications with its representatives.  With regard to the district’s knowledge of
its potential fault and the identity of the parties involved, the Chavanas’ second amended petition alleged, among other
things, that: (1) district employees were negligent in providing the syringe
containing hypertonic saline to Morales; and (2) Morales and the district
nurses discovered the mistake when they retrieved the syringe after observing
adverse effects being suffered by Veronica. 
Morales testified that someone (he could not recall whom) had handed him
the syringe, which was labeled to show its contents.  On the hospital quality assurance report (the
“report”) he filled out on the date of the occurrence, Morales not only stated
that he incorrectly injected the saline, but listed as the only witnesses to
the occurrence two district nurses. 
Although there was later conflicting testimony regarding whether it was
a district (or anesthesia group) nurse who had handed Morales the wrong
syringe, Morales testified that the only nurse whom he was sure had been
present when the mistake occurred was a district nurse (whom he had listed on
the report).  The printed portion of the
report states that it was to be delivered to the human resources director /
risk manager.  Handwritten notations on
the report also reflect that a further investigation of the incident was
conducted.

            It can be inferred from this
evidence that such an investigation would have put the district on notice of:
(1) the contents of the report; (2) Morales’s recollection (consistent with his
later testimony) that someone had handed him the syringe and that only district
nurses were present at that time; and, thus, (3) the district’s potential
culpability for the accident.  Therefore,
the foregoing evidence is sufficient to support a finding that actual notice
either was received by, or could be imputed to, the district.  Moreover, because the disputed fact issue of
which nurse, if any, handed Morales the syringe was central to both the
jurisdictional and liability issues, it was also within the trial court’s
discretion to allow a finding on this issue to await a fuller development of
the evidence on the merits.  See Bland, 34 S.W.3d at 554.  Accordingly, the district’s challenge based
on lack of notice does not demonstrate error by the trial court in denying the
plea to the jurisdiction and is overruled.[5]




 








                                               Use of Tangible Personal Property

            The district also contends that the Chavanas’ injuries did not arise from a use by it of tangible personal property, as required
by the Act.[6]  That is, although the district has not
contested in this proceeding that the syringe used to make the incorrect
injection was tangible personal property, it asserts that the persons involved
in making the injection did not include any district employees, but only
Morales and others employed by the independent anesthesia group of which he was
a member.  However, based on the
allegations and evidence discussed in the preceding section, the evidence was
sufficient for the trial court to either reach a contrary conclusion or defer a
finding for further development of the evidence.  Therefore, the district’s challenge based on
no use of tangible personal property is overruled, and the judgment of the trial
court is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Opinion filed
October 7, 2003.

Panel consists of Justices Yates,
Edelman, and Guzman.

 

 











[1]           See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2003) (allowing appeal from an interlocutory order
denying a plea to jurisdiction by a governmental unit).





[2]           See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (Vernon 1997
& Supp. 2003).





[3]           Thus, for example, a plaintiff’s
allegation of damages in excess of the jurisdictional limits suffices to show the
amount in controversy, even if damages cannot be proved at all. Bland, 34 S.W.3d at 554.





[4]           See Tex. Civ. Prac. & Rem. Code Ann. §
101.101(a),(c) (Vernon 1997).





[5]           Because the existence of actual
notice is supported by the evidence, we need not reach the Chavanas’
contention that a lack of notice is not a jurisdictional defect in any event.





[6]           See Tex. Civ. Prac. & Rem. Code Ann. §
101.021.