COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




CITY OF EL PASO/ ELIZABETH
HERNANDEZ AND LUCIA
HERNANDEZ,

                      Appellant/Cross-Appellants,

v.


ELIZABETH HERNANDEZ AND
LUCIA HERNANDEZ/ THE CITY OF
EL PASO ,

                      Appellees/Cross-Appellee.

§
 
§
 
§
 
§
 
§
 
 § 

§


No. 08-09-00149-CV

Appeal from the

34th Judicial District Court

of El Paso County, Texas 

(TC# 2008-3886) 





O P I N I O N

            This is a double appeal from the trial court’s order granting in part, and denying in part
the City of El Paso’s (the “City”) plea to the jurisdiction. The City challenged the trial court’s
jurisdiction on the basis that the plaintiffs, Elizabeth and Lucia Hernandez, failed to comply with
the Texas Tort Claims Act’s pre-suit notice requirements, and that the petition failed to state a
claim within the Act’s waiver of sovereign immunity. The trial court granted the plea expressly
on the basis that the Hernandezes’ failed to provide the City with notice, but specifically denied
the City’s alternative argument, and dismissed the case with prejudice. Both parties appeal.
            On October 17, 2006, at approximately 7 p.m., Elizabeth Hernandez and two friends were
walking toward Bel Air High School on Yarbrough Road in El Paso to watch a volleyball game. 
The girls crossed the street at the school cross-walk, but because it was after school hours the
school zone lights at the crossing were not active. Two cars approached the cross-walk on
southbound Yarbrough. The car in the left, south-bound lane stopped for Ms. Hernandez and her
friends to cross, but the car in the right, south-bound lane passed the stopped car and struck
Ms. Hernandez.
            The impact propelled Ms. Hernandez into the vehicle’s windshield, and then she fell to
the street unconscious. She was rushed to Thomason Hospital where she was treated for injuries
to her head, face, nose, teeth, right arm and elbow, her right hand, both shoulders, both legs, both
knees, her waist, and her back. She remained in the hospital until October 22, and has undergone
at least two surgical procedures to repair the damage to her right arm. She was not able to return
to school until February 2007, and was forced to delay her graduation from high school.
            On October 10, 2008, Ms. Hernandez and her mother, Lucia Hernandez, filed suit against
the driver of the car and the City of El Paso for negligence.


 The Original Petition included
allegations of negligence against the City for misuse of the safety lights at the school crossing, 
for failing to activate the lights for a school sports function, and for permitting a dangerous
condition on the real property at the school. The City’s answer included a plea to the
jurisdiction, in which it argued the trial court was deprived of subject-matter jurisdiction over the
suit: (1) due to the Hernandezes’ failure to comply with statutory pre-suit notice requirements;
and (2) because the Hernandezes’ petition did not allege facts which demonstrated a waiver of
sovereign immunity. In an amended answer and plea, the City reasserted its notice and sovereign
immunity jurisdictional arguments, and added several special exceptions to the Hernandezes’
negligence allegations. The Hernandezes responded to the City’s plea, and amended the petition
to include additional allegations regarding jurisdiction. There was no evidence attached or
included in either document.
            The City filed a supplemental brief in support of its plea, and attached several exhibits
including:
Exhibit A:An affidavit by Ms. Norma Castillo, the Secretary to the
Mayor of the City of El Paso, in which she avers that the
mayor’s office did not receive a Notice of Claim letter from
the Hernandezes.
 
Exhibit B:The “Texas Peace Officer’s Crash Report” generated by the
officers who responded to the accident.
 
Exhibit C:Photographs of the Yarbrough cross-walk and nearby
intersection.
 
Exhibit D:An affidavit by Mr. Ted Marquez, the Assistant City
Engineer for the City of El Paso, in which he states that the
City’s municipal code regarding school zones requires
school zone and school crossing safety equipment to be
active forty-five minutes before the opening of first class,
and will shut down thirty minutes after the end of the last
class of the day. 
 
Exhibit E:An affidavit by Mr. Daryl Cole, the Director of the City’s
Streets Department. Mr. Cole’s affidavit also stated the
operation schedule for safety devices in school zones, and
stated that his department had not received any complaints
regarding the Yarbrough and Bel Air High School zone
devices between August 1, 2006 and December 1, 2006.

            The trial court held a hearing on the City’s plea on February 18, 2009. The City put on
the same evidence described above, while the Hernandezes argued the allegations contained in
the petition fell within the parameters of a sovereign immunity waiver under the Texas Tort
Claims Act (TTCA). On the issue of pre-suit notice, the Hernandezes argued that the City had
actual knowledge of the incident and Ms. Hernandez’s injuries through the responding police
officers’ investigation and reports. The Hernandezes offered no evidence at the hearing.
            The trial court entered written order dismissing the case with prejudice on May 7, 2009. 
The court’s order specifies that the plea was granted based on the Hernandezes’ “failure to
comply with the pre-suit notice of claims under the [TTCA].” The Court’s order also specifically
denied the City’s plea on the basis that the Hernandezes failed to state a claim under the TTCA. 
Both parties filed notices of appeal on May 26, 2009. In its Appellant’s brief, the City raises a
single issue challenging the trial court’s denial of its plea based on the doctrine of governmental
immunity due to the Hernandezes’ alleged failure to state a TTCA claim. In their Appellant’s
brief, the Hernandezes raise two issues: (1) challenging the trial court’s decision to grant the
City’s plea on pre-suit notice grounds; and (2) arguing that they have met their burden to plead a
claim within the TTCA’s waiver of sovereign immunity. Finally, in its response to the
Hernandezes’ brief, the City contends the Hernandezes have not plead a claim which falls within
the TTCA. For ease of reference, we will conduct our analysis by issue beginning with the
question of the Hernandezes’ compliance with the TTCA’s pre-suit notice requirements.
            A plea to the jurisdiction based on governmental immunity is a challenge to the trial
court’s subject-matter jurisdiction. State v. Holland, 221 S.W.3d 639, 642 (Tex. 2007). Because
such a challenge presents a question of law, we review a court’s ruling on a plea to the
jurisdiction de novo. Holland, 221 S.W.3d at 642. The pleadings are the central focus of such a
review, and they will be construed in the plaintiff’s favor, with an eye toward the pleader’s intent. 
See Tex. Dept. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). We will
consider the pleadings, and any evidence relevant to the jurisdictional issue presented, without
regard to the merits of the case itself. Miranda, 133 S.W.3d at 226. Our primary inquiry is
whether the plaintiff’s pleadings allege facts sufficient to demonstrate that jurisdiction exists. 
Holland, 221 S.W.3d at 642-43.
            Absent the unit’s consent, governmental immunity deprives a trial court of subject-matter
jurisdiction over suits against the State, and certain governmental entities. Miranda, 133 S.W.3d
at 224. The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental
immunity, under which a governmental unit’s immunity from suit exists side-by-side with its
immunity from liability. Id. at 224-25; see Tex.Civ.Prac.&Rem.Code Ann. §§ 101.001-101.109 (Vernon 2011). As the standard of review reflects, it is the plaintiff’s burden to
demonstrate a waiver of governmental liability provided by the TTCA. Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). To determine whether the plaintiff has met
its burden, we consider the facts alleged in the petition, and to the extent it is relevant to the
jurisdictional question presented, evidence submitted by the parties. Id.
            In addition to demonstrating a factual basis for a waiver of governmental immunity, the
TTCA also requires a plaintiff to provide pre-suit notice of a claim. See Tex.Civ.Prac.&Rem.
Code Ann. § 101.101. The notice provision states:
(a)A governmental unit is entitled to receive notice of a claim against it under
this chapter not later than six months after the day that the incident giving
rise to the claim occurred. The notice must reasonably describe:
 
(1)the damage or injury claimed;
 
(2)the time and place of the incident; and 
 
(3)the incident.
. . .
 
(c)The notice requirements provided or ratified and approved by Subsections
(a) and (b) do not apply if the governmental unit has actual notice that
death has occurred, that the claimant has received some injury, or that the
claimant’s property has been damaged.

Tex.Civ.Prac.&Rem.Code Ann. § 101.101(a), (c). Failure to give notice deprives the trial
court of jurisdiction, and the trial court must dismiss the case. See Crane County v. Saults, 101
S.W.3d 764, 768 (Tex.App.--El Paso 2003, no pet.). However, under Section 101.101(c), the
notice requirement does not apply if the governmental unit has “actual notice” of the death,
injury, or property damage claimed. See Tex.Civ.Prac.&Rem.Code Ann. § 101.101(c). Still,
mere notice that an incident has occurred it not sufficient to establish “actual notice.” Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995). “Actual notice,” for TTCA purposes is established by
the governmental entity’s: (1) knowledge of a death injury, or property damage; (2) subjective
awareness that its fault produced or contributed to the claimed injury; and (3) knowledge of the
identity of the parties involved. Tex. Dept. of Criminal Justice v. Simons, 140 S.W.3d 338, 344-47 (Tex. 2004), citing Cathey, 900 S.W.2d at 341. Although actual notice can be a fact issue
when evidence is in dispute, it is generally a question of law. Simons, 140 S.W.3d at 348.
            In both its original and amended pleas to the jurisdiction, the City raised the
Hernandezes’ failure to comply with the TTCA’s pre-suit notice requirement as grounds for
dismissal of the case for lack of subject-matter jurisdiction. In both filings, the City alleged that
the first notice, statutory or otherwise, that it received regarding the incident was on October 15,
2008, when it was served with the Hernandezes original petition in this suit. In the pleadings,
and in response to the City’s plea, the Hernandezes relied on TTCA Section 101.101(c), the
“actual notice” exception to the TTCA’s statutory notice requirement. The Hernandezes rely on
the court’s duty to interpret the pleadings in the favor of jurisdiction, and have not presented, or
cited this Court to any evidence in support of their averment that the City had “actual notice” of
the incidence within six months of its date.
            While the pleadings are the central focus of a jurisdictional inquiry, in some instances
evidence may be required to determine jurisdictional facts. Holland, 221 S.W.3d at 643, citing
Miranda, 133 S.W.3d at 227; Bland Ind. School Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). 
When the evidence related to jurisdictional facts raises a fact issue regarding the court’s authority
over a case, the plea should not be granted. Holland, 122 S.W.3d at 643. However, if the
evidence or pleadings negate jurisdiction, the plea must be granted as the court is without
authority to take any other action. See id.
            There is no dispute that the Hernandezes failed to comply with Section 101.101(a). We
are left to determine whether the Hernandezes’ pleadings contain allegations which are sufficient
to raise a fact issue regarding the City’s actual notice of the incident. In the Original Petition,
under the heading “Jurisdiction and Venue,” the Hernandezes alleged simply that the City, “had
notice of the incident of October 17, 2006 and that [Ms. Hernandez] suffered some injury in
accordance with § 101.101(c), Tex.Civ.Prac.&Rem.Code.” Following the City’s Original
Answer, including its original plea to the jurisdiction, and the City’s amended plea, the
Hernandezes filed a response to the jurisdictional challenge and a First Amended Petition. In the
response to the City’s plea, the Hernandezes rely on the actual notice allegation in the Original
Petition, and conclude that because the plaintiff’s pleadings must be construed in favor of the
pleader, the notice requirements had been met. Immediately thereafter, the Hernandezes
amended the Original Petition, expanding on the allegation quoted above with the following
language:
[The City] had notice of the incident of October 17, 2006 and that [Ms.
Hernandez] suffered some injury in accordance with § 101.101(c),
Tex.Civ.Prac.&Rem.Code. Notice to [the City] includes, but is not limited to, the
information related to police officers at the scene of the incident by witnesses as
well as the officers’ observations and investigations.

            Even construed liberally, there is no indication from these allegations that the City had
actual subjective awareness that its action or inaction contributed to the injury. The allegations
are also completely unsupported by evidence. The Hernandezes’ singular allegation that the City
had notice of the incident because El Paso Police Department officers were at the scene
following the incident, and that those officers collected evidence and observed the situation does
not amount to the type of notice of fault contemplated by subsections (a) of Section 101.101, and
does not meet the Hernandezes’ burden to establish the City had “actual notice” for jurisdictional
purposes. See Simons, 140 S.W.3d at 347-48. Because lack of notice is a jurisdictional defect,
the trial court properly granted the City’s plea on this ground. Accordingly, the Hernandezes’
sole issue is overruled, and the City’s issue is sustained based on the claimant’s failure to provide
pre-suit notice. Because the City’s first argument is dispositive of the case, there is no need to
address the City’s alternative basis for dismissal. The Hernandezes’ second issue is overruled.
            Having sustained the City’s issue on the question of pre-suit notice, and having overruled
the Hernandezes Issue One, on the same basis, we affirm the trial court’s judgment.


April 20, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Bramblett, Judge
Bramblett, Judge (Sitting by Assignment)