

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00629-CV

**BEXAR COUNTY**,
Appellant

v.

Leticia **VOTION**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-02670
Honorable David A. Canales, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 20, 2015

AFFIRMED

Appellant Bexar County was sued by Leticia Votion for injuries she suffered when she allegedly tripped and fell in a Bexar County facility.  Bexar County filed a plea to the jurisdiction, but it was denied.  In this interlocutory appeal, Bexar County argues the trial court erred because, under the Texas Tort Claims Act (TTCA), it conclusively established it did not timely receive notice of the claim.  Because Bexar County failed to conclusively disprove it had actual notice, we affirm the trial court's order.

### BACKGROUND

In August 2011, Leticia Votion was working for a third-party contractor as a housekeeper in the Frank M. Tejeda Jr. Juvenile Justice Center—a Bexar County facility. Votion asserts that while vacuuming, she tripped over torn carpet and fell. She contends she fractured her right foot and ankle; tore tendons and ligaments in her foot, ankle, and leg; and she is unable to continue working. Votion sued Bexar County; she alleged it was responsible for her injuries because it knew the carpet was torn and hazardous but failed to repair it before her accident.

In its plea to the jurisdiction, Bexar County argued its governmental immunity was not waived because Votion did not give Bexar County the statutorily required notice.

In response, Votion proffered evidence that Bexar County timely received actual notice in compliance with the TTCA.

The trial court denied Bexar County's plea, and Bexar County appeals.

### BEXAR COUNTY'S GOVERNMENTAL IMMUNITY

A Texas county is a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2014); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). A governmental unit is immune from suit unless its immunity is waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011) (waiving governmental immunity in certain circumstances for personal injury caused by a condition of real property); *City of Dall. v. Thompson*, 210 S.W.3d 601, 602–03 (Tex. 2006) (per curiam); *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). A governmental unit may assert its immunity has not been waived—and thus the trial court lacks subject matter jurisdiction—by filing a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *see also Sykes*, 136 S.W.3d at 638.

## STANDARD OF REVIEW

For an appeal of a trial court's decision on a plea to the jurisdiction, we review de novo the question of whether the trial court has subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2014) (authorizing an interlocutory appeal for the grant or denial of a governmental unit's plea to the jurisdiction). We review the plea to the jurisdiction evidence like "that of a [traditional] summary judgment." *Miranda*, 133 S.W.3d at 228 (referencing TEX. R. CIV. P. 166a(c)); *accord City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (citing *Miranda*, 133 S.W.3d at 228). "[W]e 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 228).

## PARTIES' ARGUMENTS

Votion pled and proffered evidence that, inter alia, Bexar County had actual notice of her claim. As proof, Votion points to (1) the injury report form she gave to a Bexar County employee, (2) Bexar County's knowledge of the dangerous carpet condition before her accident, and (3) the actions taken by Bexar County employees after being informed of her injury. She argues this evidence shows Bexar County had actual notice including a subjective awareness of its fault.

Bexar County contends Votion's suit is barred because she did not timely give it formal written notice of her claim and it acquired no actual notice.

We begin by examining the Texas Tort Claims Act requirements for notice.

## NOTICE REQUIREMENTS

"Section 101.101 of the [T]TCA requires a plaintiff to notify a governmental unit of a claim in order to invoke the waiver of [governmental] immunity." *Univ. of Tex. Health Sci. Ctr. at San*

*Antonio v. Stevens*, 330 S.W.3d 335, 338 (Tex. App.—San Antonio 2010, no pet.) (citing TEX. GOV'T CODE ANN. § 311.034 (West 2013)) (referring to section 101.101's notice requirement as "a jurisdictional prerequisite"); *accord Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 343–44 (Tex. 2004); *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995) (per curiam).

The plaintiff must give the governmental unit notice of the claim "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West 2011); *see Simons*, 140 S.W.3d at 343–44; *Stevens*, 330 S.W.3d at 338. "The notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a); *Simons*, 140 S.W.3d at 343–44; *Stevens*, 330 S.W.3d at 338.

However, section 101.101(a)'s formal written notice requirement "do[es] not apply if the governmental unit has actual notice . . . that the claimant has received some injury." *Simons*, 140 S.W.3d at 344 (first alteration in original) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c)); *accord Cathey*, 900 S.W.2d at 340; *Stevens*, 330 S.W.3d at 338. If the "governmental unit [has] knowledge of the information it is entitled to be given under section 101.101(a) *and* a subjective awareness that its fault produced or contributed to the claimed injury," it has actual notice. *Simons*, 140 S.W.3d at 348 (emphasis added); *accord Stevens*, 330 S.W.3d at 339.

### ANALYSIS

As the plaintiff, Votion's burden is to plead facts showing Bexar County's immunity is waived. *See Miranda*, 133 S.W.3d at 228. As the defendant-movant, Bexar County may meet its plea to the jurisdiction burden if it conclusively disproves it timely received the statutorily required notice—either formal written notice or actual notice. *See id.*; *Stevens*, 330 S.W.3d at 337–38. In this case, actual notice would mean Bexar County had knowledge of the information in section

101.101(a), *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a),(c); *Simons*, 140 S.W.3d at 348, *and* a subjective awareness that its fault produced or contributed to Votion's injury, *Simons*, 140 S.W.3d at 348; *Stevens*, 330 S.W.3d at 339. We first consider the evidence pertaining to Bexar County's knowledge of the information in section 101.101(a). *See Simons*, 140 S.W.3d at 348.

**A.      Evidence of Section 101.101(a) Requirements**

To satisfy section 101.101(a)'s requirements, Votion had to give Bexar County, within six months of the incident, a reasonable description of "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a); *Simons*, 140 S.W.3d at 343–44; *Stevens*, 330 S.W.3d at 338.

In Votion's affidavit she provided in response to Bexar County's plea to the jurisdiction, Votion averred she gave Scott Foley, an office assistant in the Bexar County Juvenile Probation Department, a completed copy of OSHA Form 301, Injury and Illness Incident Report. The information Votion asserts she provided on the form includes the following:

- her name as the person injured, *see Cathey*, 900 S.W.2d at 341;
- a description of the injury to her right foot and ankle, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a)(1) ("the damage or injury claimed");
- that she fell at approximately 11:40 am on August 19, 2011, in the Frank M. Tejeda Jr. Juvenile Justice Center, *see id.* § 101.101(a)(2) ("the time and place of the incident"); and
- how she tripped on the "sever[e]ly torn carpet" while she was vacuuming, she fell, and she was injured, *see id.* § 101.101(a)(3) ("the incident").

Votion also insisted she handed the form to Foley—a Bexar County employee—on November 4, 2011, less than three months after the incident. In their affidavits, Votion and Velia C. Garcia—Votion's co-worker who was with Votion at the time—averred that Foley accepted the form and indicated he would give it to the Bexar County office responsible for such matters.

In Foley's deposition, he admitted giving Votion the form for her to complete but denied that Votion gave him the completed form.

Taking Votion's evidence as true, and "indulg[ing] every reasonable inference and resolv[ing] any doubts in [her] favor," we conclude the evidence raises a genuine issue of material fact on whether Votion timely provided Bexar County with the information required by section 101.101(a). *See Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 228. Thus, Bexar County failed to conclusively disprove it received the information within six months of the incident. *See Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 228.

We turn next to the evidence pertaining to Bexar County's alleged "subjective awareness that its fault produced or contributed to [Votion's] injury." *See Simons*, 140 S.W.3d at 348.

### B.      Subjective Awareness Requirement

To acquire actual notice, a "governmental unit must have actual, subjective awareness of its fault in the matter." *Id.*; *accord Stevens*, 330 S.W.3d at 339. "[A] governmental unit cannot acquire actual notice merely by conducting an investigation, or even by obtaining information that would reasonably suggest its culpability." *Simons*, 140 S.W.3d at 348; *accord Stevens*, 330 S.W.3d at 339; *see also Crane County v. Saults*, 101 S.W.3d 764, 769–70 (Tex. App.—El Paso 2003, no pet.). But if a governmental unit's employee who has "a duty to gather facts and investigate on behalf of the governmental entity," *Stevens*, 330 S.W.3d at 340, actually receives notice of the incident and is subjectively aware "that [the governmental entity's] fault produced or contributed to the claimed injury," *Simons*, 140 S.W.3d at 348, then actual notice may be imputed to the governmental entity, *Stevens*, 330 S.W.3d at 339. *Cf. City of San Angelo v. Smith*, 69 S.W.3d 303, 307–08 (Tex. App.—Austin 2002, pet. denied) ("[A]n incident that triggers a separate investigation and report will likely impute notice to a governmental entity.").

If the evidence regarding actual notice is disputed, the matter is a fact question and must be decided by the fact-finder. *Simons*, 140 S.W.3d at 348; *Miranda*, 133 S.W.3d at 227–28; *Stevens*, 330 S.W.3d at 341.

## C. Evidence of Subjective Awareness

Bexar County argues that because the Bexar County employees Votion allegedly notified had no duty to investigate her claim, it had no actual notice because it lacked subjective awareness. *See Stevens*, 330 S.W.3d at 339–40 (discussing an agent's or representative's duty to investigate); *cf. Saults*, 101 S.W.3d at 769–70 (concluding no actual notice for lack of evidence that county "knew or should have known of its potential culpability").

Under the applicable standard of review, *Miranda*, 133 S.W.3d at 228, we examine the evidence pertaining to Bexar County's subjective awareness of its fault regarding Votion's injury including evidence of its personnel with a duty to investigate. *See Simons*, 140 S.W.3d at 348 (allowing subjective awareness to be proved by circumstantial evidence).

### 1. *Leticia Votion's Affidavit*

In her affidavit, Votion stated the following. On August 19, 2011, she tripped on torn carpet in the Tejeda building, she fell, and she injured her right ankle and foot. She told Foley of her injury on November 4, 2011, and the next day, she spoke with Carlos Arizpe, a Bexar County Building Maintenance Division employee, about her accident and injury.

### 2. *Juan Lecea's Deposition*

In his deposition, Juan Lecea stated the following. He is the Building Maintenance Division Facilities Manager for the Frank M. Tejeda Jr. Juvenile Justice Center building. He "oversee[s] the operation of the facility of the Building Maintenance Division." The Building Maintenance Division is responsible for repairing the facility's carpets. One of his duties is to

regularly "check all the facilities." He denied that, at the time of the accident, he knew the carpet where Votion tripped was torn.

### 3. Carlos Arizpe's Deposition

In his deposition, Carlos Arizpe stated the following. At the times in question, Arizpe was a maintenance mechanic in the Building Maintenance Division, and he helped maintain the Tejeda building. He was trained so that if he noticed a hazardous condition, he must "[f]irst thing report to my supervisor and, if necessary, make any immediate repair for anything dangerous." He reported Votion's fall and injury to Lecea, and Lecea told him to investigate. He took pictures of the carpet where Votion tripped, discussed the accident with Votion, and forwarded the pictures to Lecea.

### 4. Documents

Eighteen months before Votion's accident, in a February 26, 2010 e-mail from Arizpe to Lecea, Arizpe described the carpet in the Tejeda building: "[It is] coming apart at the seams in some places. This may cause a trip hazard." In an April 9, 2010 e-mail from Lecea to Alfred Jimenez, Lecea listed "items that should be considered for FIMP" including one item as "Tejeda Carpet replacement *******(MAJOR SAFETY HAZARD)*****." In a November 8, 2011 e-mail from Arizpe to Lecea, Arizpe stated "Here are the pictures you requested of some of the areas where the carpet is hazardous."

## D. Imputed Subjective Awareness

Applying the plea to the jurisdiction standard of review, we take Votion's evidence as true and make all reasonable inferences in her favor. *See Miranda*, 133 S.W.3d at 228. We recite the evidence below in that light.

Lecea was the Facilities Manager for the Tejeda building. Many months before Votion's accident, Lecea was aware of the degraded condition of the Tejeda building carpet, including its

threat as a trip hazard, and reported to other Bexar County officials that the carpet was a "MAJOR SAFETY HAZARD." In early November 2011, shortly after Arizpe told Lecea that Votion tripped on the torn carpet, fell, and was injured, Lecea directed Arizpe to investigate the accident site and send him pictures of the carpet. Arizpe investigated and sent Lecea the pictures as directed.

Given the evidence showing Lecea's responsibilities as a Facilities Manager for Bexar County, his duty to inspect the facilities and report their condition, his foreknowledge of the carpet's condition creating a trip hazard, his action ordering Arizpe to investigate, and his report of the investigation results to others, we conclude that Votion raised a genuine issue of material fact on whether Lecea was a Bexar County employee that had a duty to investigate. *Cf. Smith*, 69 S.W.3d at 307–08 (concluding the cumulative evidence imputed subjective awareness to the City). We also conclude Votion met her burden to raise a genuine issue of material fact on whether Bexar County had subjective awareness of its fault in producing or contributing to Votion's injury. *See Simons*, 140 S.W.3d at 348; *Miranda*, 133 S.W.3d at 228.

## CONCLUSION

Taken as true, Votion's evidence shows she raised a genuine issue of material fact on whether she provided Bexar County with the required information under TTCA section 101.101(a). It also shows Votion raised a genuine issue of material fact on whether Bexar County had a subjective awareness of its fault in producing or contributing to Votion's injury. Therefore, Votion raised a genuine issue of material fact on whether Bexar County had actual notice.

Because actual notice alone satisfies the statutory requirement for notice, we need not address formal, written notice.

Bexar County failed to conclusively disprove any essential element of actual notice; it was not entitled to a grant of its plea to the jurisdiction. Accordingly, the trial court did not err when it denied the plea, and we affirm the trial court's order.

Patricia O. Alvarez, Justice