

IN THE
TENTH COURT OF APPEALS

No. 10-15-00238-CV

TEXAS A&M UNIVERSITY,

Appellant

 v.

JORGE RIOS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 14-002015-CV-272

MEMORANDUM  OPINION

In two issues, appellant, Texas A&M University, challenges the trial court's denial of its plea to the jurisdiction in favor of appellee, Jorge Rios.  Specifically, appellant contends that the trial court erred in denying the plea to the jurisdiction because:  (1) the allegedly wrongful act was done by David Waidler, an employee of Texas A&M AgriLife Research ("TAMU-AgriLife"), not appellant; and (2) Rios did not provide required notice of his claim within six months of the incident.  Because we overrule both of appellant's issues, we affirm.

# I.    BACKGROUND

On October 6, 2011, Rios was involved in a car accident with Waidler in Tarrant County, Texas. The police report indicated that Waidler rear-ended Rios's vehicle at the Weatherford Traffic Circle. Appellant asserts that, at the time of the accident, Waidler was not its employee, but rather an employee of TAMU-AgriLife. According to appellant, appellant and TAMU-AgriLife are separate and distinct government agencies, though both are part of the Texas A&M University System.

On June 1, 2012, Rios brought suit against appellant in Tarrant County. In his original petition, Rios alleged that appellant was responsible for the alleged tortious conduct of Waidler under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). Rios sought damages for personal injuries sustained as a result of the accident. Included in Rios's suit was a request for disclosure directed to appellant.

Appellant responded to Rios's suit by filing a motion to transfer venue and subject thereto original answer, plea to the jurisdiction, and jury demand. In this filing, appellant moved to transfer venue to Brazos County, Texas, and challenged the trial court's subject-matter jurisdiction by asserting sovereign immunity from suit and liability. Thereafter, appellant responded to Rios's disclosure request.

Later, the action was transferred to Brazos County, and the 272nd Judicial District Court of Brazos County subsequently conducted a hearing on appellant's plea to the jurisdiction. At the conclusion of the hearing, the trial court denied appellant's plea, and

this accelerated, interlocutory appeal followed.[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. §
51.014(a)(8) (West Supp. 2015); *see also* TEX. R. APP. P. 28.1(a).

## II.    APPLICABLE LAW

### A.    Plea to the Jurisdiction

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without
regard to whether the claims asserted have merit.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d
547, 554 (Tex. 2000).  The plea challenges the trial court's subject-matter jurisdiction.  *Id.*
Whether the trial court has subject-matter jurisdiction and whether the pleader has
alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction
are questions of law that we review de novo.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133
S.W.3d 217, 226 (Tex. 2004).

The plaintiff has the burden to plead facts affirmatively showing that the trial court
has jurisdiction.  *Tex. Ass' n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).
We construe the pleadings liberally in favor of the pleader, look to the pleader's intent,
and accept as true the factual allegations in the pleadings.  *See Miranda*, 133 S.W.3d at 226,
228.  If a plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised, as the trial court is required to do, even if those facts implicate
the merits of the cause of action.  *Id.* at 227.

---

[1] At the conclusion of the hearing on appellant's plea to the jurisdiction, Rios requested leave of the
trial court to add TAMU-AgriLife and the Texas A&M University System (the "System") as parties to this
suit.  The trial court granted leave, and thereafter, Rios filed his second amended petition asserting claims
against appellant, TAMU-AgriLife, and the System.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a tradition motion for summary judgment. *Id.* at 228; *see* TEX. R. CIV. P. 166a(c). The governmental unit is required to meet the summary-judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the factfinder. *Id.* at 227-28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. "In considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 228).

## B. Immunity

Sovereign immunity protects the State and its various divisions from lawsuits for money damages. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Governmental immunity provides similar protections to the political subdivisions of the State, such as counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity encompasses two components: (1) immunity from liability, which bars enforcement of a judgment against a governmental entity; and (2) immunity from suit, which bars suit

against the entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed. *IT-Davy*, 74 S.W.3d at 853. Immunity from liability protects the State from money judgments even if the Legislature has expressly given consent to sue. *Id.* A plaintiff who sues the State must establish the State's consent to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *see Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Otherwise, sovereign immunity from suit defeats a trial court's subject-matter jurisdiction. *Jones*, 8 S.W.3d at 638.

### III.    ANALYSIS

**A.    The Evidence Creates a Fact Question as to Whether Waidler is Appellant's Employee**

In its first issue, appellant contends that the trial court erred in denying the plea to the jurisdiction because the allegedly wrongful act was done by Waidler, an employee of TAMU-AgriLife, not appellant. In other words, appellant alleges that it is immune from both liability and suit because Waidler is not appellant's employee. Rios counters that the trial court properly denied appellant's plea to the jurisdiction because appellant's immunity was waived under the Texas Tort Claims Act ("TTCA"), and because "there are legitimate questions of fact regarding the identity and status of the employer of the driver of Texas A&M's vehicle."

Here, the asserted source of waiver is the TTCA. The Texas Supreme Court has stated that the TTCA "provides a limited waiver of governmental immunity." *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014) (citing TEX. CIV. PRAC. & REM. CODE ANN. §

101.023 (West 2011)).  In arguing that appellant waived governmental immunity, Rios

relies on section 101.021 of the Texas Civil Practice and Remedies Code, which provides

the following:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act of omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021.  Essentially, the dispute in this issue centers

on Waidler's employment status—specifically, whether or not he is appellant's

employee.[2]  To analyze this issue, we must examine the jurisdictional facts that were

before the trial court.

In its responses to Rios's request for disclosure, appellant stated the following

when asked to state the correct names of the parties to the lawsuit:  "Without admitting

liability, the correct party to this lawsuit is Texas AgriLife Research, a member agency of

---

[2] Other than Waidler's employment status, appellant has not challenged any other element under section 101.021 of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).

The Texas A&M University System." However, when asked to state the name, address, and telephone number of potential parties, appellant responded, "None at this time." Furthermore, appellant admitted that it "settled the property damage claim with Plaintiff . . . ." Moreover, when describing Waidler, appellant stated that he was affiliated with "Texas A&M University," rather than TAMU-AgriLife, and that he was the driver of the defendant's vehicle at the time of the incident.

In addition to the aforementioned responses, appellant also attached a copy of the Texas Peace Officer's Crash Report. In the report, the responding officer described the accident and indicated that the owner of the vehicle that Waidler was driving is "Texas A&M University" of "College Station, TX."

However, also included in the evidence is a "Motor Vehicle Accident Report" created by System Risk Management of the Texas A&M University System. This report stated that Waidler is a research assistant and that "AgriLife Extension" is the owner of the vehicle that Waidler was driving on the day in question. Further, a copy of the parties' settlement agreement on the property damage was included in the record and indicated that it was signed by Debbie Smith, a senior insurance specialist with TAMU-AgriLife. The settlement agreement also stated that TAMU-AgriLife is "a component of The Texas A&M University System, a state institution of higher education and governmental unit of the State of Texas, located in College Station, Texas . . . ."

Nevertheless, because we are to take as true all evidence favorable to the non-movant, Rios, and indulge every reasonable inference and resolve any doubts in Rios's favor, we conclude that the evidence creates a fact question as to whether Waidler was

appellant's employee. As such, we cannot say that the trial court erred in denying appellant's plea to the jurisdiction with regard to Waidler's employment status. *See Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227-28; *see also* TEX. R. CIV. P. 166a(c).

## B. A Material Fact Issue Exists as to Appellant's Notice Assertion

In its second issue, appellant argues that Rios did not give the required notice of his personal-injury claim. More specifically, appellant asserts that the record does not contain competent evidence that it had actual notice of Rios's claim.

"Section 101.101 of the [T]TCA requires a plaintiff to notify a governmental unit of a claim in order to invoke the waiver of sovereign immunity." *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 338 (Tex. App.—San Antonio 2010, no pet.) (citing TEX. GOV'T CODE ANN. § 311.034 (West 2013)) (referring to section 101.101's notice requirement as "a jurisdictional prerequisite"); *accord Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 343-44 (Tex. 2004); *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995) (per curiam); *see, e.g., Tex. State Tech. College v. Evans*, 2009 Tex. App. LEXIS 1909, at **2-3 (Tex. app.—Waco Mar. 18, 2009, no pet.) (mem. op.) (stating that the notice requirement under section 101.101(a) of the Texas Civil Practice and Remedies Code is jurisdictional).

The plaintiff must give the governmental unit notice of the claim "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West 2011); *see Simons*, 140 S.W.3d at 343-44; *Stevens*, 330 S.W.3d at 338. "The notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV.

PRAC. & REM. CODE ANN. § 101.101(a); *Simons*, 140 S.W.3d at 343-44; *Stevens*, 330 S.W.3d at 338.

However, section 101.101(a)'s formal written notice requirement "'do[es] not apply if the governmental unit has actual notice . . . that the claimant has received some injury.'" *Simons*, 140 S.W.3d at 344 (first alteration in original) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c)); *accord Cathey*, 900 S.W.2d at 340; *Stevens*, 330 S.W.3d at 338. If the "governmental unit [has] knowledge of the information it is entitled to be given under section 101.101(a) and a subjective awareness that its fault produced or contributed to the claimed injury," it has actual notice. *Simons*, 140 S.W.3d at 348; *accord Stevens*, 330 S.W.3d at 339.

"[A] governmental unit cannot acquire actual notice merely by conducting an investigation, or even by obtaining information that would reasonably suggest its culpability." *Simons*, 140 S.W.3d at 348; *accord Stevens*, 330 S.W.3d at 339; *see also Crane County v. Saults*, 101 S.W.3d 764, 769-70 (Tex. App.—El Paso 2003, no pet.). But if a governmental unit's employee who has a duty to gather facts and investigate on behalf of the governmental entity actually receives notice of the incident and is subjectively aware that the governmental entity's fault produced or contributed to the claimed injury, then actual notice may be imputed to the governmental entity. *Simons*, 140 S.W.3d at 348; *see Stevens*, 330 S.W.3d at 340; *cf. City of San Angelo v. Smith*, 69 S.W.3d 303, 307-08 (Tex. App.—Austin 2002, pet. denied) ("[A]n incident that triggers a separate investigation and report will likely impute notice to a governmental entity."). If the evidence regarding actual notice is disputed, the matter is a fact question and must be decided by the

factfinder. *Simons*, 140 S.W.3d at 348; *Miranda*, 133 S.W.3d at 227-28; *Stevens*, 330 S.W.3d at 341.

It is undisputed that the accident occurred on October 6, 2011. On the same day, Waidler signed the "Motor Vehicle Accident Report" created by System Risk Management of the Texas A&M University System. In this report, the following narrative of the accident was provided: "Attempted to merge into traffic circle at 183/377 in Ft. Worth. Rolling slowly, car in front of me stopped and I did not." The report also indicated that Waidler was cited for failing to control speed. On November 7, 2011, appellant settled with Rios with regard to the property damage sustained as a result of the accident.[3] On March 26, 2012, less than six months after the accident, counsel for Rios sent a notice and demand letter to "Texas A&M University ATTN: Debbie Smith" discussing the basis for liability and enclosing copies of medical bills and records. On April 16, 2012, the Texas Assistant Attorney General sent a letter to Rios's counsel stating that the assistant attorney general was representing appellant in the claim and would review the provided medical documentation. Ostensibly, the April 16, 2012 letter from the Texas Assistant Attorney General was an acknowledgement of receipt of Rios's March 26, 2012 letter. Additionally, the record reflects that appellant admitted that its Financial Management Office was aware of the accident and the damage to Rios's vehicle before April 6, 2012.

---

[3] The settlement agreement specifically noted that appellant's "vehicle rear ended claimant['s] vehicle."

Taking Rios's evidence as true, and "indulg[ing] every reasonable inference and resolv[ing] any doubts in his favor," we conclude that the evidence raises a genuine issue of material fact as to: (1) whether Rios timely provided appellant with the information required by section 101.101(a); and (2) whether appellant was subjectively aware of its fault in producing or contributing to Rios's injuries. *See Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 228; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). Thus, we hold that appellant failed to conclusively disprove that it received the information within six months of the accident. *See Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 228; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). We also hold that Rios met his burden to raise a genuine issue of material fact regarding whether appellant had subjective awareness of its fault in producing or contributing to Rios's injuries. *See Simons*, 140 S.W.3d at 348; *Miranda*, 133 S.W.3d at 228. Accordingly, we cannot say that the trial court erred in denying appellant's plea to the jurisdiction based on the aforementioned notice requirements. *See Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227-28; *see also* TEX. R. CIV. P. 166a(c). We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 3, 2015
[CV06]

